# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| COMCAM INTERNATIONAL, INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § | CIVIL ACTION NO. 2:13-CV-00798-JRG |
| | § § | |
| MOBOTIX CORP., | § § | |
| *Defendants*. | § § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Mobotix's Motion to Transfer Venue (Dkt. No. 20), filed April 4, 2014. For the reasons set forth below, the Court finds that the motion should be **DENIED**.

### I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff ComCam International ("ComCam") is a Delaware company with its principal place of business in Pennsylvania. It is the assignee of U.S. Patent No. 6,975,220 ("the '220 Patent"). Defendant Mobotix is a foreign corporation with its U.S. headquarters in New York, New York.

ComCam filed this action against Mobotix on October 8, 2013, alleging that Mobotix infringes the '220 Patent (Dkt. No. 1). ComCam filed six other actions in the Eastern District of Texas (EDTX) alleging infringement of the '220 Patent and the Court consolidated these cases

for all pretrial matters except venue (Dkt. No. 18). Mobotix subsequently filed the motion at issue, asking the Court to transfer this case to the Southern District of New York (SDNY).

## II.     LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*).

Once that threshold is met, the movant has the burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Nintendo*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *In re TS Tech*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*). In this regard, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

2

*Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203. Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

### III. ANALYSIS

#### A. Availability of the Transferee Venue

The parties do not dispute that this suit could originally have been brought in the Southern District of New York. Accordingly, the Court weighs the private and public interest factors in order to determine whether or not a transfer should be granted.

#### B. Private Interest Factors

##### 1. Relative Ease of Access to Sources of Proof

This being a patent case, it is likely that the bulk of the relevant evidence in this action will come from Mobotix. *See In re Genentech*, 566 F.3d at 1345. Mobotix alleges that "most, if not all, of Mobotix's relevant evidence is located in… the Southern District of New York" along with seven of its employees (Dkt. No. 20 at 9). ComCam, in contrast, avers that its president, Pete Ianace, resides in Plano, Texas and maintains financial documents and records within the Eastern District of Texas. (Dkt. No. 24 at 10). ComCam also suggests that Mobotix may have documents outside of New York relating to non-US products, which ComCam has also alleged infringe its patent (Dkt. No. 24 at 9).

On balance, the Court concludes that there is a substantial body of potentially relevant evidence located in or near the SDNY. Likewise, there is a substantial body of potentially relevant evidence located in or near the EDTX. Even assuming that a slightly greater amount of evidence is located in the SDNY, the disparity is not substantial enough to render the SDNY a

clearly more convenient forum. Accordingly, the Court finds that this factor is essentially neutral, and at best for movant, weighs only slightly in favor of transfer.

### 2. Availability of Compulsory Process

Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. Fed. R. Civ. P. 45(c)(1). Similarly, the Court may enforce any subpoena for a deposition, provided that the deposition is taken no more than 100 miles from a location where the person resides, is employed, or regularly transacts business in person. *Id.*; *Ingeniador, LLC v. Adobe Systems Inc.*, 2014 WL 105106, No. 2:12-cv-805-JRG (E.D. Tex. Jan. 9, 2014). Moreover, party witnesses do not require compulsory process for trial and their availability is not given much weight as a part of this factor. *See Ingeniador*, *supra*. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be necessary.

Mobotix points out that several non-party witnesses reside outside of Texas and over 100 miles from this Court (Dkt. No. 20). However, it also acknowledges that certain non-party witnesses reside outside of New York, and more than 100 miles from the SDNY. Additionally, several non-party witnesses reside within this District, and others reside outside this District, but within Texas (Dkt. No. 24). Therefore, neither this Court nor the courts within the SDNY may command all identified non-party witnesses to attend trial. Further, the newly amended Rule 45 will permit a court in either the SDNY or the EDTX to order a deposition of any of the nonparty witnesses further than 100 miles away. The Court does not find that the number of such witnesses is clearly weighted toward either party. Accordingly, the Court concludes that this factor is also neutral.

4

### 3. Cost of Attendance for Willing Witnesses

#### a. Party Witnesses:

The cost of attendance for willing witnesses is another key factor in the Court's analysis. Mobotix argues that a transfer to the SDNY would result in substantially lower costs for its employees in New York, as well as the nonparty witnesses in the surrounding region (Dkt. No. 20 at 13). However, ComCam's President is a longtime resident of this District, meaning that a transfer away from the Eastern District of Texas would result in increased costs to ComCam (Dkt. No. 24 at 14-15). Accordingly, transferring this case would merely redistribute the inconvenience of travel among the parties.

#### b. Non-Party Witnesses:

Typically, "it is the convenience of non-party witnesses...that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D. Tex. 2000); *see also Volkswagen I*, 371 F.3d 201, 204 (5th Cir. 2004) (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009). Mobotix has identified no third party witnesses that reside within the SDNY (Dkt. No. 20 at 9.) Instead, Mobotix argues that a number of non-party witnesses reside or work "closer" to the SDNY than to this District. *Id.* at 11-13.

According to Mobotix, such non-party witnesses would incur substantially higher expenses in traveling to the Eastern District of Texas, as opposed to the SDNY. However, Mobotix glosses over the fact that none of the non-party witnesses actually reside within the SDNY. Accordingly, such witnesses will be required to travel in any case. Given the realities of trial, such witnesses will certainly incur travel expenses. Those expenses as related to both

meals and lodging will be unarguably and substantially higher in New York City, than in Marshall, Texas. Moreover, to the extent certain witnesses (*i.e.* the inventors or prosecuting attorneys) are called to testify, they will likely be called in each of the actions involving the '220 Patent. Transfer of this case to the SDNY is therefore likely to multiply, not minimize, the inconvenience to such witnesses.

Additionally, Mobotix admits that certain non-party witnesses reside within the EDTX or much closer to the EDTX than the SDNY. For example, ComCam has identified twelve of its twenty-five investors as being located within this District, in addition to seven investors that reside within Texas but outside of the EDTX (Dkt. No. 24 1t 10). Mobotix argues that ComCam has failed to explain the importance of the testimony that such investors may provide. However, Mobotix simultaneously seeks to preserve its ability to take discovery from said investors suggesting that Mobotix believes them to have knowledge of relevant facts. While the Court would have preferred a more detailed description of the kind of information that could be provided by ComCam's investors, the Court is not inclined to allow Mobotix to wholly discount these investors in the transfer analysis while nevertheless subjecting the same non-party witnesses to the inconvenience of discovery. Mobotix has similarly relied, for transfer purposes, on certain non-party witnesses without explaining their level of knowledge or understanding. The Court will not allow Mobotix to merely identify non-party witnesses and make a conclusory statement as to their knowledge of relevant facts, while precluding ComCam from doing the same.

Further, and with respect to the relative inconvenience to non-party witnesses, Mobotix argues that the Court should ignore the presence of ComCam's investors in or near the EDTX as irrelevant because "Mobotix may take discovery of these witnesses by deposition regardless of

the trial court's location." (Dkt. No. 25, at 4). Were the Court inclined to accept this argument, it applies equally to non-party witnesses identified by Mobotix—for example the inventors and prosecuting attorneys for the '220 Patent. The Court fully expects that both parties will work to minimize the inconvenience to non-party witnesses called to testify by deposition or at trial, regardless of which trial court is presiding over the action. Accordingly, the Court remains convinced that the transfer of this case to the SDNY would merely reshuffle inconvenience among the party and non-party witnesses.

Ultimately, Mobotix bears the burden of establishing that the SDNY is clearly more convenient than the EDTX. Having reviewed the entire record, the Court finds that party and the non-party witnesses are spread across the country; they include potential witnesses based in California, Texas, Massachusetts, Connecticut, and New York. Mobotix has failed to show that transfer would, on balance, reduce the total inconvenience for non-party witnesses in any material way. Instead, the Court is persuaded that a transfer would merely reassign inconvenience from certain witnesses to other witnesses. Such a redistribution of inconvenience does not make the SDNY a clearly more convenient forum for the resolution of this case. *See Thomas Swan & Co., Ltd. v. Finisar Corp.*, 2014 WL 47343, at *13-14 (E.D. Tex. Jan. 6, 2014). Accordingly, The Court finds that this factor is neutral.

   4. **Other Practical Problems**

Where multiple and parallel lawsuits in two different jurisdictions are contemplated, judicial economy weighs heavily in the Court's transfer analysis. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Here, these considerations weigh substantially against transfer. There are six other ComCam cases currently proceeding in the EDTX, each alleging infringement of the same '220 Patent. Judicial economy has prompted the Court to

consolidate these cases for all pre-trial purposes, save venue. This group of cases will present common issues of law and fact, and judicial economy favors the avoidance of parallel litigation in multiple courts. Additionally, Mobotix has failed to show that any of the private factors materially favor transfer, on their own. Given this context, the Court is persuaded that considerations of judicial economy and efficiency weigh substantially against transfer.

### C. Public Interest Factors

#### 1. Local Interest

The Court must also consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

Mobotix argues that the "Southern District of New York has a local interest in this case because Mobotix is headquartered there" (Dkt. No. 25 at 6). However, ComCam argues that both it and Mobotix conduct substantial business in Texas, and that its president has resided in the Eastern District of Texas for twenty years. On balance, both courts have a local interest in the resolution of this case, and this factor is neutral. *See InMotion Imagery Techs., LLC v. Imation Corp.*, 2013 U.S. Dist. LEXIS 41830, at *14 (E.D. Tex. March 26, 2013).

#### 2. Other Public Interest Factors

Both parties agree that the other public interest factors are neutral, and the Court concurs.

8

## IV. CONCLUSION

Having considered all the parties arguments and the record, the Court finds that only a single factor weighs in favor of transfer to the SDNY. All other factors are either neutral or weigh against transfer. Accordingly, Mobotix has not met its burden to shown that it would be clearly more convenient to transfer this case to the Southern District of New York, and the Motion (Dkt. No. 20) is therefore **DENIED**.

**So ORDERED and SIGNED this 26th day of August, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE